# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JULIUS ARBERRY,
MARLON BATES,
CHAD CALDWELL,
JAMIE DOUGLAS,
DWAYNE HALEY,
GAYLE KIRK,
MICHAEL KIRK,                       Case No. 06-Cr-278
GREGORY MORSE,
JONATHAN MORSE,
PRESTON MORSE,
JOHNNY MURPHY,
CLIFTON PENN,
LORENZO SANDIFER,
WILLIAM WARREN,
EASIE MONEY WILKINSON,
ED WILKINSON, and
JERRY WILLIAMS,

    Defendants.

## DECISION AND ORDER

## NATURE OF CASE

On October 31, 2006, a federal grand jury sitting in this district returned a 25-count indictment against the above-named defendants, charging them with conspiracy to possess with intent to deliver controlled substances and other violations of the federal narcotics laws.

The defendants appeared before a United States magistrate judge for arraignment, entering pleas of not guilty. Pursuant to the court's pretrial order, the defendants filed various

pretrial motions. Those motions which previously have not been addressed are now fully briefed. These motions will be addressed herein, with the exception of defendant Arberry's motions to suppress search and for specific impeachment and Brady materials.

## MOTIONS TO COMPEL DISCLOSURE OF INTENTION TO INTRODUCE EVIDENCE OF OTHER ACTS UNDER FED. R. EVID. 404(b)
### (Defendants Arberry and Murphy)
### (Docket ##150 & 136)

Rule 404(b) of the Federal Rules of Evidence requires the government to give notice of its intention to use other crimes, wrongs, or acts evidence. Such notice must be provided regardless of whether the government intends to use the evidence during its case-in-chief at trial, for impeachment or for possible rebuttal. See Advisory Committee Notes, 1991 Amendments to Rule 404(b). The rule makes no provision for the timing of the notice. Rather, the rule provides that the government "shall provide reasonable notice in advance of trial." Fed. R. Evid. 404(b). What constitutes reasonable notice will depend largely on the circumstances of each case. See Advisory Committee Notes, 1991 Amendments to Rule 404(b).

Here, the government asserts that little, if any, "other acts" evidence will be offered against these defendants. However, the government proposes that the court order disclosure of Rule 404(b) evidence 30 days prior to trial. Based on the foregoing, defendants Arberry's and Murphy's motions to compel disclosure of Rule 404(b) evidence will be granted. The government shall provide such evidence to these defendants 30 days before trial.

- 2 -

## MOTION TO COMPEL
## GOVERNMENT TO PROVIDE LIST OF WITNESSES
### (Defendant Arberry)
### (Docket #151)

Defendant Arberry seeks an order compelling the government to provide a list of witnesses. In response, the government states that it will disclose its list of witnesses 30 days prior to trial. Defendant Arberry has not provided a basis for earlier disclosure of this information. Based on the government's representation, defendant Arberry's motion will be denied as moot.

## MOTIONS TO REQUIRE
## PRESERVATION AND RETENTION OF AGENTS' ORIGINAL NOTES
### (Defendants Arberry and Murphy)
### (Docket ## 152 & 126)

Defendants Arberry and Murphy seek entry of an order requiring the government to preserve all law enforcement officers' rough or handwritten notes and other memoranda and writings made in this case. In response, the government asserts that it has directed federal and state law enforcement officers to retain and preserve their handwritten notes pursuant to the defendants' requests. Therefore, the defendants' motions will be denied as moot.

## MOTION TO COMPEL DISCLOSURE OF
## INTENTION TO USE EVIDENCE
## PURSUANT TO FED. RULE CRIM. P. 12(b)(4)
### (Defendant Arberry)
### (Docket #154)

Defendant Arberry's motion for disclosure of the government's intentions to use evidence pursuant to Fed. R. Crim. P. 12(b)(4) will be denied for failure to comply with Criminal Local Rule 16.1(a). This local rule requires a statement of counsel that the parties have met and conferred and are unable to resolve their discovery disputes. Criminal L.R. 16.1 (E.D. Wis.).

The statement must also include the date of the conference, the participants in the conference and the nature of the dispute. Id. Motions that fail to meet the requirements of such rule are summarily dismissed. See United States v. Molinaro, 683 F.Supp. 205, 209 (E.D. Wis. 1988).

Furthermore, the government is following its "open file" policy in this case, as it does in virtually every case prosecuted in this district. Therefore, discovery motions generally are unnecessary and the parties must first try to resolve their differences before coming to the court for relief. The defendant's motion is denied.

## MOTIONS FOR SANTIAGO HEARING AND FOR PRETRIAL RULING CONCERNING ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS
### (Defendants Douglas, Murphy and Penn)
### (Docket ##160, 129, 138 & 145)

Defendants Murphy[1], Douglas and Penn move the court pursuant to United States v. Santiago, 582 F.2d 1128 (7th Cir. 1978), for a pretrial hearing to determine the admissibility of co-conspirators' statements. Alternatively, defendants Penn and Douglas seek an order requiring the government to submit a written offer of proof regarding the co-conspirator declarations. These motions address admissibility of co-conspirators' statements, pursuant to Fed. R. Evid. 801(d)(2)(E).

In United States v. Santiago, 582 F.2d 1128 (7th Cir. 1978), the court held that this issue properly may be resolved at trial. Subsequent cases have continued to approve of this practice. United States v. Haynie, 179 F.3d 1048, 1050 (7th Cir. 1999); United States v. McClellan, 165 F.3d 535, 553 (7th Cir. 1999). Courts in this district have uniformly adopted this practice. As

---

[1] Defendant Murphy actually filed two motions regarding discovery of co-conspirators' statements and requesting a Santiago hearing. See defendant Murphy's Motion for Discovery of Co-Conspirators' Statements (Docket #129) and defendant Murphy's Motion for Santiago hearing (Docket #138).

such, the defendants' motions will be denied as untimely. See e.g., United States v. Morken, No. 95-Cr-178, slip op. at 36-37 (E.D. Wis. April 20, 1996); United States v. Nevarez-Diaz, No. 97-Cr-211, slip op. at 14-15 (E.D. Wis. Dec. 20, 1997); see also, United States v. Rodriguez, 975 F.2d 404, 409-10 (7th Cir. 1992).

**MOTIONS TO COMPEL DISCLOSURE OF CONFIDENTIAL INFORMANTS**
**(Defendants Douglas, Murphy and Penn)**
**(Docket ##161, 128 & 143)**

Defendants Douglas, Murphy and Penn all seek disclosure of the identity of any confidential informants. Defendant Douglas asserts that the discovery indicates that at least one confidential informant is a transaction witness to events on September 23, 2004 when he, Douglas, was allegedly present. Defendant Penn seeks disclosure of the confidential informant who allegedly purchased controlled substances from him on January 10, 2006. Defendant Murphy makes a general assertion that the informants are transactional witnesses.

In response, the government states that although it has withheld the identities of most individuals who have cooperated in the investigation it has provided their statements, as well as any reports that relate to their activities. The government further states that to the extent it intends to call any of these witnesses in its case-in-chief, it will disclose the witnesses' identity 30 days prior to trial. The government also will disclose the identities of confidential informants who made the controlled buys which form the basis of most of the substantive counts of the indictment 30 days before trial. The government also asserts that it will turn over all Brady[2] and Giglio[3] information with respect to those witnesses, including criminal histories, promises of

---

[2] Brady v. Maryland, 373 U.S. 83 (1963).

[3] Giglio v. United States, 405 U.S. 150 (1972).

- 5 -

leniency and any benefits received at the same time it discloses it witnesses' identities. The government declines to disclose the identities of any witnesses who will not be called to testify in its case-in-chief.

Given the government's representations, it appears that the motions of defendants Douglas, Murphy and Penn are moot because the government has stated its willingness to disclose the identities of the confidential informants to the defendants prior to trial. See Roviaro v. United States, 353 U. S. 53 (1957). Accordingly, the motions pertaining to the disclosure of the identities of the informants in this case will be denied as moot.

### MOTION FOR DISCLOSURE OF DESTRUCTION OF EVIDENCE
**(Defendant Murphy)**
**(Docket # 130)**

Defendant Murphy moves the court for an order requiring the government to disclose whether any evidence in this case has been destroyed. Counsel for the government states in response that they have asked the case agents whether they knew of any evidence that had been destroyed and that the agents stated that they were not aware of any such destruction of evidence. Accordingly, based on the representations of the government, defendant Murphy's motion will be denied as moot.

### MOTION TO REQUIRE DISCLOSURE OF LEGAL INSTRUCTIONS TO GRAND JURY
**(Defendant Murphy)**
**(Docket #135)**
**and**
### MOTION FOR GRAND JURY INFORMATION
**(Defendant Murphy)**
**(Docket #132)**

Defendant Murphy has filed two motions seeking disclosure of information pertaining to the grand jury. Since the motions are somewhat overlapping, the court will address them together.

Defendant Murphy seeks an order requiring the government to disclose the transcripts of legal instructions given to the grand jury that considered the evidence in this case. He asserts that he is not seeking production of any witnesses' names or testimony, but needs disclosure of grand jury instructions to be able to consider "a later motion challenging the indictment on grounds that the legal instructions interfered with the grand jury's basic function." (Defendant Murphy's Motion to Require Disclosure of Legal Instructions to the Grand Jury at 2). He also states that the number of defendants (17), the counts charged (25) and the widely varying evidence against individual defendants created a difficult task for the grand jury. Therefore, he argues that the grand jury's task "would have been affected by the manner and accuracy of the government's instructions to the grand jurors." Id.

In opposing the motion for disclosure of legal instructions given to the grand jury, the government asserts that the defendant has failed to make any showing of particularized need or compelling necessity as required to overcome the secrecy of grand jury proceeds.

Defendant Murphy also seeks an order compelling disclosure of specific information pertaining to the grand jury that returned the indictment against him. This laundry list includes, among other information requested, the number of grand jurors present at each session during which evidence pertaining to him was considered, the number present during deliberations on the indictment and the transcripts or substance of the testimony fo each witness who appeared before the grand jury in this case. The defendant provides no authority to support his request for this information.

- 7 -

The government states that it will disclose the grand jury transcripts of witnesses who will be testifying at trial two weeks prior to the commencement of trial.[4]   The government further asserts that the defendant is entitled to nothing more.  Therefore, the government opposes this motion in all other respects.

Rule 6(e) of the Federal Rules of Criminal Procedure codifies the centuries-old requirement that grand jury proceedings generally be kept secret.  Matter of Grand Jury Proceedings, 942 F.2d 1195, 1198 (7th Cir. 1991).  Rule 6e sets out the general rule of secrecy of grand jury proceedings and the exceptions to the general rule.  Rule 6(e)(3)(E)(ii) provides in relevant part that the court may authorize disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."

Although Rule 6(e) itself does not prescribe the substantive standard governing the issuance of an order pursuant to Rule 6, a "strong showing of particularized need" is required before disclosure is permitted.  See United States v. Sells Engineering, Inc., 463 U.S. 418, 443-45 (1983).  As the court stated in the Matter of Grand Jury Proceedings, 942 F.2d at 1198, "Put simply, the secrecy of the grand jury will not be broken except where the party seeking disclosure can show a 'compelling necessity' or 'particularized need'" (citing Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 222 [1979]).  A person seeking disclosure of grand jury proceedings "must demonstrate more than relevance; he must show necessity to prevent injustice."  Hernly v. United States, 832 F.2d 980, 983 (7th Cir. 1987) (citing United States v. Proctor & Gamble, 356 U.S. 677, 682 [1958]).

---

[4]The government also states that grand jury transcripts which are Jencks material will be disclosed one week before trial.

In this case, the defendant's demand for grand jury instructions, transcripts and other information falls far short of showing a "particularized need" or "compelling necessity" for disclosure of matters occurring before the grand jury. Therefore, the defendant's motions for production of grand jury transcripts, legal instructions and other information will be denied.

### MOTION FOR NOTICE OF ILLEGAL GOVERNMENT USE
### OF ELECTRONIC, MECHANICAL OR OTHER DEVICES
### (Defendant Murphy)
### (Docket #133)

Defendant Murphy seeks an order requiring the government to admit or deny whether any evidence or testimony it intends to introduce at trial or which was presented to the grand jury was obtained by the use of any electronic, mechanical or other device in violation of the Constitution or laws of the United States.

The government denies that any such devices were used in this manner. Based on the government's assertion, defendant Murphy's motion will be denied.

### MOTION FOR SEVERANCE
### (Defendant Murphy)
### (Docket #140)

Defendant Murphy moves the court for an order, pursuant to Fed. r. Crim. P. 8, 12(b)(5)[5] and 14 and the 5th and 6th Amendments to the United States Constitution, granting him a severance and separate trial from his co-defendants. He cites several grounds for severance. Defendant Murphy asserts that: 1) he will be substantially prejudiced by joinder with his co-defendants because the defendants have antagonistic defenses, 2) he will be unable to call any co-defendants as exculpatory witnesses, 3) there is a potential disparity in the evidence and, therefore, there is a potential for being found guilty by association, and 4) he will be denied his

---

[5] It appears that the defendant is referring to Fed. R. Civ. P. 12(b)(3) since there is no Rule 12(b)(5).

- 9 -

right of confrontation if one of the co-defendants "chooses to confess and is present at a joint trial." (Defendant Murphy's Memorandum in Support of the Motion to Sever Defendants [Defendant's Memorandum] at 3). The government opposes defendant Murphy's motion.

Rule 14(a) of the Federal Rules of Criminal Procedure provides:

> If joinder of offenses or defendants in an indictment . . . or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

However, "Rule 14 does not require severance, even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." United States v. Souffont, 338 F.3d 809, 828 (7th Cir. 2003) (quoting Zafiro v. United States, 506 U.S. 534, 538-39 [1993]). Moreover, "defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials. United States v. Zaffiro, 506 U. S. at 534, 540 (1993).

A defendant must show that denial of severance caused him actual prejudice that deprived him of his right to a fair trial. United States v. Rollins, 301 F.3d 511, 518 (7th Cir. 2002) (citations omitted). Defendants are not entitled to severance merely because they have a better chance of acquittal in separate trials. Id. Furthermore, there is a strong preference for a single trial with co-defendants who have been jointly indicted, especially in conspiracy cases. See United States v. Peters, 791 F.2d 1270, 1301 (7th Cir. 1986); Souffront, 338 F.3d at 828. A joint trial of co-conspirators is presumptively appropriate. United States v. Caliendo, 910 F.2d 429, 437 (7th Cir. 1990). However, the public interest in having joint conspiracy trials does not override the need to ensure defendants a fair trial. Peters, 791 F.2d at 1302.

In deciding a motion for severance, the court should balance the interests of the defendants in severance against the government's interest in judicial economy. United States v. Rivera, 825 F.2d 152, 159 (7th Cir. 1987). As the court stated in United States v. Velasquez, 772 F.2d 1348, 1352 (7th Cir. 1985): "The danger of prejudice to the least guilty, or perhaps prejudice to all from the sheer confusion of a multi-defendant trial, is in all but the most unusual circumstances considered outweighed by the economies of a single trial in which all facts of the crime can be explored once and for all."

The defendant asserts that severance is warranted because the defenses of the co-defendants are antagonistic and mutually exclusive. He states that his defense would consist of asserting non-involvement in the conspiracy to the point of not knowing the other co-defendants and may involve implicating others as responsible.

Mutually antagonistic defenses occur "where acceptance of one defendant's position precludes the acquittal of the other defendant." United States v. Turk, 870 F.2d 1304, 1306 (7th Cir. 1989). However, mere shifting of blame does not necessarily prevent a jury from making a reliable judgment about the guilt or innocence of the defendants. United States v. Goines, 988 F.2d 750, 781 (7th Cir.1993) (citation omitted). It is not enough for a defendant to show the "mere presence of hostility among defendants or the desire of one to exculpate himself by inculpating another." United States v. Hendrix, 752 F.2d 1226, 1232 (7th Cir.1985); see also, United States v. Buljubasic, 808 F.2d 1260, 1263 (7th Cir. 1987). As the court explained in United States v. Mazzanti, 888 F.2d 1165, 1172 (7th Cir. 1989):

> 'Unless the defenses are so inconsistent that the **making** of a defense by one party will lead to an unjustifiable inference of another's guilt, or unless the acceptance of a defense **precludes** acquittal of the other defendants, it is not necessary to hold separate trials.' United States v. Buljubasic, 808 F.2d 1260, 1263 (7th Cir.), cert. denied, 484 U.S. 815 (1987).

(Emphasis in original). Mere inconsistency alone is insufficient to find co-defendants' defenses mutually antagonistic. Mazzanti, 888 F.2d at 1172. Even a showing that two or more defendants have mutually antagonistic defenses "is not sufficient grounds to require a severance unless the defendant also shows prejudice to a specific right." United States. v. Mietus, 237 F.3d 866, 873 (7th Cir. 2001).

"Mutually antagonistic defenses are not prejudicial per se." Zafiro, 506 U.S. at 538. "Moreover, even if there is a risk of prejudice, a judge must determine whether it is the type of prejudice which can be cured with limiting instructions to the jury. United States v. Richardson, 130 F.3d 765, 777 (7th Cir. 1997), vacated in part on other grounds, 526 U.S. 813 (1999). Here, the defendant's assertions about his non-involvement in the conspiracy, without more, does not provide a basis for severance. Therefore, the defendant's motion for severance on this ground will be denied.

Defendant Murphy also asserts that he may be prejudiced at a joint trial by being precluded from calling any co-defendant as an exculpatory witness. To establish a right to severance on the ground that a co-defendant will provide allegedly exculpatory testimony at trial, a defendant must show that: 1) the co-defendant's testimony would be exculpatory; 2) the co-defendant would in fact testify; and 3) the testimony would bear on the defendant's case. United States v. Williams, 31 F.3d 522, 528 (7th Cir. 1994); United States v. Studley, 892 F.2d 518, 525 (7th Cir. 1989).

A defendant bears the burden of providing some proof that a co-defendant would testify in an exculpatory manner. Studley, 892 F.2d at 525. He must establish more than that a co-

- 12 -

defendant might testify favorably at a separate trial. United States v. Lopez, 6 F.3d 1281, 1285 (7th Cir. 1993); see Studley, 892 F.2d at 525. As the court explained in Studley, 892 F.2d at 525:

> "The mere possibility of a co-defendant's testimony is insufficient grounds for a severance." United States v. Kord, 836 F.2d 368, 373 (7th Cir.), cert. denied, 488 U.S. 824, 109 S.Ct. 72, 102 L.Ed.2d 49 (1988). "To justify severance, a defendant must provide some support, such as an affidavit or recorded testimony, that his co-defendant would testify in a manner which would exculpate him. Severance cannot be granted on the basis of a vague, unsupported assertion that a co-defendant would testify favorably in a separate proceeding." United States v. Andrus, 775 F.2d 825, 847 (7th Cir.1985).

Defendant Murphy must show that a co-defendant would testify favorably for him in a separate trial. See Andrus, 775 F.2d 825, 847 (7th Cir. 1985). He has failed to do so. Rather, defendant Murphy has done nothing more than indicate that he would like to have a co-defendant testify on his behalf. Thus, he has failed to establish a basis for severance based on the alleged exculpatory testimony of a co-defendant.

Defendant Murphy's severance motion based on his right of confrontation fares no better than his contention regarding exculpatory testimony of his co-defendants. He has not demonstrated that any co-defendant's testimony would be exculpatory or that any co-defendant would in fact testify. See Williams, 31 F.3d at 528. Accordingly, the defendant's motion on this ground will be denied.

Defendant Murphy also argues that a joint trial would prejudice him because of the gross disparity in the quantity and nature of the evidence against him as compared to that of his co-defendants. He also asserts that the evidence against the other parties is more damaging than the evidence against him.

Assuming the validity of defendant's contentions, to succeed on a claim of prejudice due to disparities in the evidence, a criminal defendant must rebut the presumptions that a jury will: 1) capably sort through the evidence, and 2) follow instructions from the court to consider each defendant separately. United States v. Edwards, 36 F.3d 639, 647 (7th Cir. 1994); Lopez, 6 F.3d at 1286. United States v. Smith, 995 F.2d 662, 671 (7th Cir. 1993). "Mere speculation of 'spill over guilt' is not enough to rebut these twin presumptions." Lopez, 6 F.3d at 1286 (citing United States v. Doerr, 886 F.2d 944, 972 [7th Cir. 1989]).

The "danger of prejudice to the least guilty, or perhaps prejudice to all from sheer confusion of a multi-defendant trial, is in all but the most unusual circumstances considered outweighed by the economies of a single trial in which all facets of the crime can be explored once and for all." United States v. Shorter, 54 F.3d 1248, 1258 n.21 (7th Cir. 1995). Moreover, "a simple 'disparity in the evidence' will not suffice to support a motion for severance — i.e., it does not independently establish 'actual prejudice.'" Caliendo, 910 F.2d at 438. Moreover, the general rule is that where a variance of culpability and disparity of evidence between defendants exists, other less drastic alternatives to severance should first be explored. United States v. Papia, 560 F.2d 827, 837 (7th Cir. 1977).

Defendant Murphy relies on United States v. Mardian, 546 F.2d 973 (D.C. Cir 1976), to support his contention. A review of the facts in Mardian is instructive. Defendant Mardian was charged with conspiracy to obstruct justice and to defraud the United States by impeding a grand jury investigation into a break-in at the Watergate Office Building and other matters. His co-defendants were also charged in substantive counts, including obstruction of justice and perjury. Defendant Mardian was only involved in the conspiracy for a limited time and was named in only five of the alleged 45 overt acts in furtherance of the conspiracy. Despite this

more limited involvement, the appeals court upheld the trial court's denial of the Mardian's motion for severance.

The case proceeded to trial and two weeks into the three-month trial, defendant Mardian's counsel became ill, requiring surgery. Defendant Mardian then renewed his motion for severance. Under the circumstances, the government did not oppose the motion. The trial court denied the motion, In reversing the trial court's decision, the appeals court took into account the strong showing the defendant had made in his pretrial motion for severance and, more importantly, the fact that severance would not have caused an undue disruption in the proceedings. The government's acquiescence in severance and the ability of the defendant to be represented by counsel of his choice were also considered by the appeals court. Thus, the facts in Mardian are clearly distinguishable and offer no support for defendant Murphy's position.

In this case, the court's instructions directing the jury to assess each defendant's guilt or innocence solely on the basis of the evidence against him will effectively address the disparity of evidence issue. See United States v. Peters, 791 F.2d 1270, 1303 (7th Cir. 1986). Thus, defendant Murphy is not entitled to severance based on the alleged disparity of the evidence.

In sum, for the reasons stated herein, defendant Murphy has not established a basis for severance of his trial from that of his co-defendants. Therefore, his motion for severance will be denied.

### MOTION TO DISCLOSE WITNESS BAD ACT EVIDENCE
### (Defendant Murphy)
### (Docket #139)

Defendant Murphy seeks disclosure of specific instances of misconduct by witnesses pursuant to Fed. R. Evid. Rule 608(b). The government opposes the motion, noting that Fed. R. Crim. P. 16 does not require the government to disclose this information to a defendant.

Materials in the government's file have been made available to defendant Murphy by means of its "open file" policy. As noted by the court in United States v. Sanders, 893 F.2d 133, 137-38 (7th Cir.1990), there is no constitutional right to discovery in a criminal case, although due process requires the government to disclose exculpatory evidence and Fed. R. Crim. P. 16 provides for the production of other evidence. "However, the government is not required to pinpoint every aspect of its strategy." Id., 893 F.2d at 138 (citation omitted). Moreover, defendant Murphy has merely made a blanket request for "bad acts" evidence relating to the government's witnesses. He has not demonstrated any particularized need for the information he seeks. Therefore, the government need not sift through its evidence to determine the evidence which it may seek to introduce at trial pursuant to Rule 608(d). Accordingly, defendant Murphy's motion will be denied.

### CONCLUSION

**NOW, THEREFORE, IT IS ORDERED** that defendant Julius Arberry's motion to compel disclosure of intention to introduce evidence of other acts under Fed. R. Evid. 404(b) be and hereby is **granted**. (Docket #150). The government shall provide such evidence to the defendant 30 days prior to trial.

**IT IS ALSO ORDERED** that defendant Julius Arberry's motion to compel government to provide list of witnesses be and hereby is **denied as moot**. (Docket #151).

**IT IS FURTHER ORDERED** that defendant Julius Arberry's motion to compel preservation and retention of original notes be and hereby is **denied as moot**. (Docket # 152).

**IT IS ALSO ORDERED** that defendant Julius Arberry's motion to compel government to disclose intention to use evidence pursuant to Fed. R. Crim. P. 12(b)(4) be and hereby is **denied**. (Docket #154).

**IT IS FURTHER ORDERED** that defendant Jamie Douglas' motion for <u>Santiago</u> hearing and for a pretrial ruling concerning alleged co-conspirator statements be and hereby is **denied**. (Docket #160).

**IT IS ALSO ORDERED** that defendant Jamie Douglas' motion to compel disclosure of confidential informants be and hereby is **denied as moot**. (Docket #161).

**IT IS FURTHER ORDERED** that defendant Johnny Murphy's motion to compel the government to preserve rough notes of government agents be and hereby is **denied as moot**. (Docket #126).

**IT IS FURTHER ORDERED** that defendant Johnny Murphy's motion to disclose identity of confidential informants be and hereby is **denied as moot**. (Docket #128).

**IT IS ALSO ORDERED** that defendant Johnny Murphy's motion for discovery of co-conspirators' statements be and hereby is **denied**. (Docket #129).

**IT IS FURTHER ORDERED** that defendant Johnny Murphy's motion for disclosure of destruction of evidence be and hereby is **denied as moot**. (Docket #130).

**IT IS ALSO ORDERED** that defendant Johnny Murphy's motion for disclosure of grand jury information be and hereby is **denied**. (Docket #132). The government will disclose the grand jury transcripts of witnesses who will testify two weeks prior to trial.

**IT IS ALSO ORDERED** that defendant Johnny Murphy's motion for disclosure of illegal instructions to the grand jury be and hereby is **denied**. (Docket #135).

**IT IS FURTHER ORDERED** that defendant Johnny Murphy's motion for disclosure of illegal government use of electronic mechanical or other devices be and hereby is **denied**. (Docket #133).

**IT IS FURTHER ORDERED** that defendant Johnny Murphy's motion for disclosure of notice of intention to use other crimes, wrongs, or acts evidence be and hereby is **granted**. (Docket #136). The government shall provide such evidence to the defendant 30 days prior to trial.

**IT IS ALSO ORDERED** that defendant Johnny Murphy's motion for a <u>Santiago</u> hearing be and hereby is **denied**. (Docket #138).

**IT IS ALSO ORDERED** that defendant Johnny Murphy's motion to disclose bad act evidence be and hereby is **denied**. (Docket #139).

**IT IS FURTHER ORDERED** that defendant Johnny Murphy's motion for severance be and hereby is **denied**. (Docket #140).

**IT IS ALSO ORDERED** that defendant Clifton Penn's first motion for disclosure of confidential informants be and hereby is **denied as moot**. (Docket #143).

**IT IS FURTHER ORDERED** that defendant Clifton Penn's motion for a pretrial hearing to determine the admissibility and order of proof concerning co-conspirator statements be and hereby is **denied**. (Docket #145).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 27th day of March, 2007.

BY THE COURT:

   s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge